# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| DARCELL WALTON, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00228-CEA-CHS |
| | ) | |
| GESTAMP OF CHATTANOOGA, | ) | |
| *Defendants*. | ) | |

## REPORT AND RECOMMENDATION

## I.    Introduction

This matter comes before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and upon the Motion to Dismiss filed by Defendant Gestamp of Chattanooga ("Gestamp") pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. [Doc. 3].  For the reasons stated herein, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED IN PART** pursuant to Section 1915(e)(2), and that Gestamp's Motion to Dismiss [Doc. 3] be **DISMISSED AS MOOT** without prejudice.

## II.    Screening Under Section 1915(e)(2)

Plaintiff Darcell Walton, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 2]. Plaintiff brings this action alleging race discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2; discrimination on the basis of a disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112; and retaliatory discharge in violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615.

This Court has the responsibility to screen all actions filed by plaintiffs—including non-prisoners seeking *in forma pauperis* status—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons stated herein, the Court finds Plaintiff has failed to state a claim as to race and disability discrimination and that Plaintiff has stated potentially viable claims for sexual harassment in violation of Title VII and retaliatory discharge in violation of the FMLA.

### A.    Facts

Plaintiff made the following allegations in her EEOC charge filed on August 5, 2022:

I became a permanent employee in September 2019 as a Quality Sorter. At the time of separation, I was the only person on 3rd shift as a label maker. The company employs more than 15 employees. On or about July 28, 2022, I was discharged for allegedly leaving the premises on July 11, 2022, which I denied. According to HR I [sic] capture on camera leaving the premises from 4:30am to 6:30am and returned and clocked back in. However, HR never provided any evidence. I believe the incident was used as pretext due to numerous complaints I filed regarding harassment. On July 15, 2022, I emailed a complaint regarding ongoing harassment. For example, on July 15, 2022, I attempted to discuss a job function known as "SAP" with Mike Patini (supervisor). In turn, Mike became unhelpful and started yelling. In that moment, I believe Mike wanted me to come out of character which I did not. Still while attempting to explain to Mike what I was experiencing he stated that he was tired of hearing it and to get out of his office before he called the police. I asked why? Mike stated he felt threatened. I believe Mike's actions is a form of "playing games" which I believe is mental harassment. Myself and my fianc [sic] was also an employee was accused of being a disturbance in the workplace, in part due to our attendance. I believe he stated that because we're a lesbian couple and don't like females. Bobby Flan (former supervisor) who is no longer employed with respondent would often say that he didn't like American women because we talk back and that's why he preferred a Columbian.

[Doc. 1-2, EEOC Charge of Discrimination at Page ID # 7]. The EEOC Charge of Discrimination identifies the discrimination alleged by Plaintiff as "Disability, Sex." [*Id.*].

The EEOC made no determination as to Plaintiff's claim and issued a right-to-sue letter on September 6, 2022. The same day, Plaintiff filed her complaint in this Court. The complaint initially states that the EEOC right to sue letter permits her to bring claims for disability, race, and sex discrimination as well as for "harassment" and violations of the FMLA. [Complaint, Page ID # 1]. She names Stacey Cheeres, Demarcus, and Byron Walton as additional plaintiffs. [*id.*]

In her complaint, Plaintiff alleges the following: She filed a complaint at work against Supervisor Billy Flack and Superintendent Mike Patini for making discriminatory remarks regarding gay people. She was harassed by Mike Partin and Bobby Flack because she is lesbian. She has filed several complaints of sexual harassment at work and nothing was done. She filed a complaint at work for sexual harassment against co-worker Vernon Molten but Human Resources did nothing.

She was fired for using FMLA leave. She took FMLA leave July 16-22, 2022. She returned on July 25, 2022, and was asked to leave work because the lead man, Jon Partin, told area manager Renrick that Plaintiff had applied for FMLA leave—although she had already been approved and taken FMLA leave. She was told she was being fired for leaving work for two hours without permission on July 11, 2022, but that reason is a pretext for discharging her for using FMLA leave.

Finally, Plaintiff alleges that Byron Walton, who was also employed by Defendant, was moved from his department to another department because of his disability and that her partner, Stacy Cheeves, also an employee, was harassed by Mike Patini and Bobby Flack for being lesbian. She also alleges Bobby Flack called Demarcus a monkey, Demarcus filed a complaint with Human Resources about this harassment, and Human Resources did nothing.

## B. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555

(2007). Where a plaintiff attaches her EEOC charge to the complaint, the Court may consider the facts she has alleged in her EEOC charge together with those alleged in her complaint to determine whether Plaintiff has stated a claim for which relief can be granted. *Ritli v. Pizza Hut*, No. 2:13-CV-205 2014 WL 3339622, *2 (E.D. Tenn., July 8, 2014) (Jordan, J.); *Harper v. Shelby Cnty*, No. 15-2502-STA-cga, 2016 WL 737947, * 4 (Feb. 23, 2016). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are required to state a claim. *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 696 (brackets original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 557 (2007)). Rather, the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### C. Discussion

#### 1. Claims on Behalf of Byron Walton, Stacey Cheeves, and Demarcus

To the extent Plaintiff, who is not an attorney and is acting *pro se*, seeks to represent Byron Walton, Stacey Cheeves and Demarcus in claims brough before this Court, those claims must be dismissed. A *pro se* plaintiff cannot represent anyone but herself in a lawsuit filed in a federal court. 28 U.S.C. § 1654[1]; *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("because *pro se* means to appear for one's self a person may not appear on another person's behalf in the other's cause") (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d. Cir.1998)); *Watkins v. Columbus City Schs.*, No. 2:20-cv-2552, 2021 WL 485666, at *2 (Feb. 10, 2021) (holding *pro se* plaintiff teacher could represent himself but not seven students). Accordingly, the Court will recommend dismissal without prejudice of any claims asserted on behalf of Byron Walton, Stacey Cheeves and Demarcus.

#### 2. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

While a complaint alleging discrimination under Title VII "need not present detailed factual allegations, it must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference, that [the defendant] discriminated against [the plaintiff] with respect to [her] compensation, terms, conditions, or privileges of employment, *because of* [her] race, color, religion, sex, or national origin." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (internal citation omitted and citation cleaned up). Further, to bring a claim under Title VII in court, a plaintiff must have exhausted her administrative remedies by filing a charge with the EEOC that includes all claims the employee

---

[1] 28 U.S.C. § 1654 provides, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

brings in her complaint. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010); *Russ v. Memphis Light Gas & Water Div.*, 720 F. App'x 229, 236 (6th Cir. 2017).

### a. Race Discrimination

To the extent Plaintiff seeks to bring a claim of race discrimination against Defendant, Plaintiff did not allege race discrimination in her EEOC charge and thus has not exhausted her administrative remedies. Further she alleged no facts in her complaint to support a claim for race discrimination against her. Accordingly, the Court will recommend that any claim for race discrimination in violation of Title VII be dismissed for failure to state a claim.

### b. Hostile Work Environment on the Basis of Sex

Plaintiff alleges she was subject to harassment on the basis of sex in violation of Title VII. She has exhausted her administrative remedies as to this claim. Title VII of the Civil Rights Act of 1964 prohibits harassment in the workplace, i.e., a hostile work environment, on the basis of sex. *See Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 827 (6th Cir. 2019); *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 560 (6th Cir. 1999). In *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75 (1998), the Supreme Court extended that prohibition to same-sex harassment by holding that same-sex harassment is actionable under Title VII.

The elements of a hostile work environment claim are: (1) she belongs to a protected class, (2) she was subjected to unwelcome harassment, (3) the harassment was based on sex, (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment, (5) the defendant knew of the harassment and failed to act. *Austin v. Alexander*, 439 F. Supp.3d 1019, 1024 (M.D. Tenn. 2020) (citing *Walso v. Consumers Energy Co.,* 726 F.3d 802, 813 (6th Cir. 2013)). However, the Supreme Court held in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) that at the pleading stage, it was unnecessary for the plaintiff to

plead all facts sufficient to prove the prima facie case of Title VII discrimination "[g]iven that the prima facie case operates as a flexible evidentiary standard "and, therefore, "it should not be transposed into a rigid pleading standard for discrimination cases."  Rather, rejecting the notion that "pleading is a game of skill in which one misstep [ ] may be decisive to the outcome," the Court directed, the plaintiff need only plead facts sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 513 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S. at 513. Plaintiff alleges in her EEOC charge and in her complaint that she was subjected to numerous discriminatory remarks regarding women, as well as her status as a lesbian. She further alleges that she made numerous complaints to Defendant's Human Resources Department, but no action was taken to stop the harassment. A liberal reading of the complaint leads the Court to conclude that Plaintiff has adequately stated a plausible claim for sex harassment in violation of Title VII.

### 3. Americans with Disabilities Act, 42 U.S.C. § 12112

To the extent Plaintiff seeks to assert a claim against Defendant under the ADA, that claim shall be dismissed for failure to state a claim. The ADA prohibits employers from discriminating against qualified employees on the basis of a disability. 42 U.S.C. § 12112. The ADA defines disability as:

(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
(B) a record of such an impairment; or
(C) being regarded as having such an impairment.

42 U.S.C. § 12102(1).

Plaintiff has not alleged facts to support a conclusion that Plaintiff has any one of the three definitions of disability. Thus, the Court will recommend that this claim be dismissed.

### 4. Family and Medical Leave Act Claim

Plaintiff alleges she was terminated in retaliation for taking FMLA leave. In order to state a claim for retaliation in violation of the FMLA, a plaintiff must allege: (1) she exercised her rights under the FMLA; (2) the employer was aware of her FMLA activity; (3) after learning of the FMLA activity, the employer took an adverse employment action against the FMLA employee; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action. *See Killian v. Yorozu Automotive Tennessee, Inc.*, 454 F.3d 549, 556 (6th Cir. 2006). Plaintiff laid out sufficient facts in her EEOC charge to establish the first three elements of her retaliatory discharge claim, *to wit*: (1) she stated she took FMLA leave; (2) that a lead man reported her FMLA leave to the Area Manager the day she returned from FMLA leave; and (3) the next day, she was falsely accused of skipping work for two hours, sent home, and terminated four days later.

As it relates to the fourth element—the "causal-connection" element—the Court observes that the temporal proximity between Plaintiff's returning from leave and her being accused of wrongdoing leading to termination is very short. Further, Plaintiff stated in her complaint that one of the supervisors stated she was a disturbance in the workplace, in part, because of her attendance. The close temporal proximity between the protected activity and her discharge along with a supervisor's negative comments about her attendance—when viewed in the light most favorable to Plaintiff—adequately states the causal-connection element. The Court concludes Plaintiff has stated a claim under the FMLA for retaliatory discharge.

### III.     Gestamp's Motion to Dismiss

Before the Court conducted its screening pursuant to Section 1915(e)(2), Plaintiff attempted to serve Gestamp with her complaint. Gestamp filed a motion to dismiss [Doc. 3] for insufficient service of process—a motion to which Plaintiff has not responded. However, because this Court has conducted its screening and the Clerk's Office will be issuing service packets for Plaintiff to complete and return to the Clerk's Office for service, the undersigned will recommend that Gestamp's motion to dismiss [Doc. 3] be dismissed as moot without prejudice to refiling same should Plaintiff fail to properly effect service of process.

### IV.     Conclusion

For the reasons stated herein, it is **RECOMMENDED**[2] that:

1.   Plaintiff's claim of race discrimination in violation of Title VII be **DISMISSED** for failure to state a claim upon which relief can be granted.

2.   Plaintiff's disability discrimination claim in violation of the ADA be **DISMISSED** for failure to state a claim upon which relief can be granted.

3.   Plaintiff's claim of sexual harassment in violation of Title VII **SURVIVE SCREENING** because Plaintiff has stated a potentially viable claim upon which relief can be granted.

4.   Plaintiff's claim for retaliatory discharge in violation of the FMLA **SURVIVE SCREENING** because Plaintiff has stated a potentially viable claim upon which relief can be granted.

5.   The Clerk of Court issue service packets to Plaintiff to complete and return to the Clerk of Court.

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

6. Gestamp's Motion to Dismiss [Doc. 3] for insufficient service of process be **DISMISSED AS MOOT** without prejudice.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE